CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

APR 0 4 2006

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | | |
|---|---|---|
| ANGELA L. SPRESTER, | ) | Civil Action No. 5:05cv00021 |
| Plaintiff, | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| JONES MOTOR COMPANY, et al., | ) | By: Samuel G. Wilson |
| Defendants. | ) | United States District Judge |
| | ) | |

Plaintiff Angela Sprester brings this action, invoking the court's diversity jurisdiction[1]

and claiming that defendant Larry K. Bell, a tractor-trailer driver for defendant Jones Motor

Company, caused a collision with Sprester's vehicle, resulting in "serious and painful injuries" to

her back. This matter is before the court on the defendants' motion to dismiss, in which the

defendants claim that Sprester perpetrated a fraud on the court and that the fraud has tainted

depositions of experts and has prejudiced the defendants' ability to prepare for trial. The

defendants seek the ultimate sanction of dismissal, as well as imposition of monetary sanctions.

On March 1, 2006, the court conducted a hearing on the motion. According to the defendants,

Sprester testified under oath during her deposition that she previously had been involved in a

minor auto accident which required medical attention for her back but that she had not received

any medical treatment on her back for nine years before the collision with Bell. However, in

preparation for a deposition and less than two weeks before the case was set for trial, the

defendants obtained medical records detailing Sprester's years of treatment for the previous back

injury, and, according to those records, Sprester was still receiving treatment for her previous

---

[1]For diversity purposes, plaintiff Sprester is a citizen of South Carolina, defendant Bell is
a citizen of Tennessee, and defendant Jones Motor Co. is a citizen of Pennsylvania. The amount
in controversy exceeds $75,000. Accordingly, exercise of diversity jurisdiction is proper under
28 U.S.C. § 1332.

back injury up to a few months before the collision in question. The court gave Sprester until March 31, 2006, to show cause why the court should not dismiss her action and impose sanctions. On March 31, Sprester's counsel filed a response to the show cause order, informing the court that he had notified Sprester of the court's order but that Sprester had failed to communicate with him regarding a response.

"[W]hen a party deceives a court or abuses the process at a level that is utterly inconsistent with the orderly administration of justice or undermines the integrity of the process, the court has the inherent power to dismiss the action." U.S. v. Shaffer Equipment Co., 11 F.3d 450, 462 (4th Cir. 1993). Under such circumstances, the court also possesses the "inherent power" to shift attorneys fees and costs to the offending party. Chambers v. NASCO, Inc., 501 U.S. 32, 44-51 (1991). Though the court gave her the opportunity to do so, Sprester has not rebutted the defendants' assertion that she misrepresented her medical history and thereby tainted the deposition testimony of medical experts and profoundly stymied the defendants' ability to adequately prepare for trial. The court has reviewed Sprester's deposition testimony and the relevant medical evidence and can arrive at only one conclusion–Sprester has committed a fraud on the court.[2] Because of the nature and seriousness of Sprester's misrepresentations and the prejudice they caused the defendants, the court finds that dismissal with prejudice is warranted. Moreover, Sprester's fraud came to light a mere two weeks before the case was set for trial. This compounded the problem because the defendants had already deposed experts, had nearly completed discovery, and had already invested a substantial amount of time and resources in

---

[2]Nothing before the court even remotely suggests that Sprester's attorney was in any way complicitous in Sprester's fraud.

2

preparing for trial. In light of these substantial expenses, the court will enter an order requiring

Sprester to pay the defendants' fees and costs as a further sanction for her fraud once the

defendants have filed supporting affidavits and documentation.

ENTER: This 4<u>th</u> day of April 2006.

UNITED STATES DISTRICT JUDGE

3