CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

MAY 12 2006

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# HARRISONBURG DIVISION

| | |
|---|---|
| ANGELA L. SPRESTER, <br> Plaintiff, | Civil Action No. 5:05cv00021 |
| v. | **MEMORANDUM OPINION** |
| JONES MOTOR COMPANY, et al., <br> Defendants. | By: Samuel G. Wilson <br> United States District Judge |

By order dated April 4, 2006, the court dismissed the above captioned matter as a sanction for the fraud of plaintiff Angela Sprester. In that order, the court reserved jurisdiction to enter an award of attorneys fees upon the defendants' filing of appropriate documentation. The defendants have filed the affidavit of Ken Lacey, vice president of defendant Jones Motor Company, as well as an "expense worksheet" itemizing legal fees totaling $58,218.30. Sprester's counsel filed a response,[1] he did not specifically challenge any of the charges from the "expense worksheet" or the calculation of the total fees requested; however, counsel did ask the court essentially to limit the attorneys fees awarded to those expenses directly linked to Sprester's fraud.[2] The court finds no reason to abate the sanction imposed against Sprester. The court has reviewed the defendants' documentation and finds that it sufficiently supports a $58,218.30 award of attorneys fees and that such a fee is reasonable, especially in light of the advanced stage

---

[1] Counsel made clear that he had not communicated with Sprester since the court dismissed her case but that he felt it was his duty as her attorney to challenge the award of attorneys fees.

[2] Sprester's counsel also says that because defendant Larry Bell did not submit separate documentation, the court should find that he has abandoned his claim for attorneys fees related to his defense. However, because Bell was an employee acting on behalf of Jones Motor Company, Jones Motor Company paid for his defense, and the same attorneys represented both employer and employee. Moreover, their defenses were interrelated. Accordingly, the court finds nothing irregular or troubling about the defendants filing joint documentation of their attorneys fees.

to which the litigation progressed before the court learned of Sprester's fraud.

**ENTER:** This 12th day of May 2006.

_____
UNITED STATES DISTRICT JUDGE